PROB 12C
(Rev.2011)

# United States District Court
для
## Middle District of Tennessee

### Petition for Warrant for Offender Under Supervision
### [Supersedes Petition Filed Under Docket Entry No. 117]

Name of Offender: <u>James Jetton Fletcher</u>   Case Number: <u>3:06-00172-01</u>

Name of Current Judicial Officer: <u>The Honorable Kevin H. Sharp, Chief U.S. District Judge</u>

Name of Sentencing Judicial Officer: <u>The Honorable Robert L. Echols, U.S. District Judge</u>

Date of Original Sentence: <u>November 26, 2007</u>

Original Offense: <u>18 U.S.C. § 922(g)(1), Felon in Possession of Firearm, 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute Cocaine</u>

Original Sentence: <u>78 months' custody and 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>   Date Supervision Commenced: <u>March 14, 2014</u>

Assistant U.S. Attorney: <u>Philip Wehby</u>   Defense Attorney: <u>Peter J. Strianse</u>

---

**PETITIONING THE COURT**
    \_\_\_\_    To issue a Summons.
    _X_    To issue a Warrant.
    _X_    The Consideration of Additional Alleged Violations

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☑ The Consideration of Additional Alleged Violations.
☐ Other

Considered this \_\_\_ day of <u>Oct</u>, 2014,
and made a part of the records in the above case.

Kevin H. Sharp
Chief U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

Joshua Smith
U. S. Probation Officer

Place     <u>Nashville, TN</u>

Date     <u>October 20, 2014</u>

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 117, has been amended as follows:

    Violation No. 5 - has been added
    Violation No. 6 - has been added
    Violation No. 7 - has been added

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall not commit another federal, state, or local crime.** |

In March 2014, Metropolitan Nashville Police Department (MNPD) officers were informed that Mr. Fletcher was possibly growing marijuana indoors. A confidential informant received information from an acquaintance of Mr. Fletcher that he was growing marijuana and also had processed marijuana inside the residence of 1007 Mitchell Road, Nashville, TN. The informant stated that had also observed weapons in the residence. An utilities service inquiry was conducted revealing power usage for the residence ending February 21, 2014, for the previous thirty one days being $475.61. Utility records show a comparative sample usage to be approximately $199.73 for the neighboring home. The excessive electric billing is consistent with the amount of electricity required to operate equipment commonly used for indoor marijuana cultivation. On March 21, 2014, a search of Mr. Fletcher's residence was conducted by Metropolitan Nashville Police Department. Search of the residence revealed a total of approximately 13 ounces of marijuana inside the home along with $1,946 that belonged to Mr. Fletcher. During the search, the following items were seized at the residence: package of marijuana, two glass jars of marijuana containing 127 grams and 130 grams, false bottom Pepsi bottle, plastic bag with two packages of marijuana containing 28.9 grams and 15.2 grams, package of marijuana containing 25.2 grams, package with two plastic bags of marijuana containing 14.7 grams and 29 grams, box of .32 caliber ammunition with 15 bullets, sandwich baggies, black digital scale, four boxes of EBB monster three pot expansion, plant product starter kit, a box of B C Boost products, two black plastic tubs, a box of grow chemicals, and a black plastic drum barrel.

On June 12, 2014, the probation officer spoke with Detective Adam Read with the MNPD. He informed that a search had been conducted at Mr. Fletcher's residence. Following the search, Mr. Fletcher agreed to work with MNPD as an confidential informant. According to Detective Read, MNPD utilized Mr. Fletcher in a controlled buy that resulted in seizure of 98 pounds of marijuana. As a result of Mr. Fletcher's agreement to work as a confidential informant with MNPD, he was not charged.

On June 23, 2014, the probation officer met with Mr. Fletcher. Mr. Fletcher denied attempting to establish an indoor marijuana operation. He reported that he had unsuccessfully been attempting to manufacture and sell alcohol and what the police confiscated had cost him approximately $700. He denied acting as an informant with the MNPD to avoid prosecution.

2. **The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.**

   Mr. Fletcher did not have permission from the Court prior to working as a confidential informant with MNPD.

3. **The defendant shall answer truthfully all inquiries by the probation officer.**

   On June 23, 2014, Mr. Fletcher provided false information to the probation officer regarding the search at his residence and working with MNPD as a confidential informant.

4. **The defendant shall not associate with any persons convicted of a felony, unless granted permission to do so by the probation officer.**

   On June 23, 2014, Mr. Fletcher admitted to associating with DeMichael Moore. Mr. Fletcher reported that he had been criminally involved with Mr. Moore prior to his incarceration and they have been in contact since Mr. Fletcher's release. Mr. Moore has been convicted of multiple felonies including Homicide. Mr. Moore has three outstanding charges with Davidson County Criminal Court of Especially Aggravated Robbery, Felony Murder, and First Degree Murder. Mr. Fletcher did not have permission to associate with Mr. Moore.

5. **The defendant shall refrain from any unlawful use of a controlled substance.**

   On October 10, 2014, Mr. Fletcher reported for drug testing and attempted to provide a fraudulent urine sample. During the submission of the urine sample for drug testing, it was determined by the probation officer that Mr. Fletcher was using a "whizzinator," a device manufactured to fraudulently submit urine for drug testing. A picture of the device is attached for Your Honor's review. The device was confiscated by the probation officer. Mr. Fletcher admitted to recent use of marijuana. He further admitted that he had failed to report for drug testing on October 9, 2014, as he was fearful of "failing the test."

6. **The defendant shall not commit another federal, state or local crime.**

   According to Tennessee State Law § 39-17-437, Mr. Fletcher violated a Class A misdemeanor by the fraudulent submission of urine for drug testing. It is an offense for a person to intentionally use, or possess with the intent to use, any substance or device designed to falsify the results of a drug test of that person. As used in this section, "drug test" means a lawfully administered test designed to detect the presence of a controlled substance.

7. **The defendant shall participate in a program of drug testing.**

   On October 9, 2014, Mr. Fletcher failed to report for drug testing.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Fletcher began supervised release on March 14, 2014. He is scheduled to terminate supervision on March 13, 2017.

**Mr. Fletcher has previously attempted to provide a fraudulent sample to the U. S. Probation and Pretrial Services Office. While on pretrial supervision for this case, on July 23, 2007, Mr. Fletcher was discovered using a "whizzinator" during drug testing.**

**Mr. Fletcher is currently employed at TAB Home Builders in Hendersonville, Tennessee.**

### U.S. Probation Officer Recommendation:

It is respectfully requested that a warrant be issued and that the additional violations be considered for Mr. Fletcher, so that he may appear before the Court to answer to the violation behavior outlined above. This matter has been reported to the U.S. Attorney's Office, and they concur with the recommendation.

Approved: _____
Vidette Putman
Supervisory U. S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. JAMES JETTON FLETCHER, CASE NO. 3:06-00172-01

**GRADE OF VIOLATION:** A
**CRIMINAL HISTORY:** V

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003　　　　PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony) 18 U.S.C. § 3583(e)(3) | 24 months* U.S.S.G. § 7B1.4(a) | 24 months |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment 18 U.S.C. § 3583(h) | 1-3 years less any term of imprisonment U.S.S.G. § 5D1.2(a)(2) | 1 year supervised release |

Revocation is mandatory if the defendant possesses a controlled substance or a firearm, 18 U.S.C. § 3583 (g)(1) and (g)(2).

18 U.S.C.§ 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding a Grade A violation, the Court shall revoke probation or supervised release, U.S.S.G.§ 7B1.3(a)(1).

*Although the guideline range is 30 to 37 months, the Guideline Provisions for a custodial sentence is limited by the statutory provisions.

Respectfully Submitted

Joshua Smith
U. S. Probation Officer

Approved: _____
Vidette Putman
Supervisory U. S. Probation Officer

90 92 94 96 98 100 102 104 106

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** James Jetton Fletcher

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:06CR00172 - 1

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date** 11 / 26 / 2007
                              *month   day   year*

5. **Original District/Office**
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)*

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | criminal activity | A |
   | unpermitted confidential informant | C |
   | failure to be truthful to probation officer | C |
   | unpermitted association with a convicted felon | C |
   | illegal drug use | C |
   | criminal activity | C |
   | failure to report for drug testing | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*    [ A ]

9. **Criminal History Category** *(see §7B1.4(a))*    [ V ]

10. **Range of Imprisonment** *(see §7B1.4(a))*    [ 30-37 ] months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☒ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** James Jetton Fletcher

12. **Unsatisfied Conditions of Original Sentence**

   List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

   Restitution($) _____     Community Confinement _____

   Fine($)       _____     Home Detention         _____

   Other         _____     Intermittent Confinement _____

13. **Supervised Release**

   If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

   Term: 1 _____ to 3 _____ years

   If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

   Period of supervised release to be served following release from _____
   imprisonment:

14. **Departure**

   List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002